STATE OF MAINE                    SUPERIOR COURT
HANCOCK, ss                      DOCKET NO. AP-07-17


LAWRENCE EATON
        Plaintiff/Appellant



        V.

TOWN OF CASTINE
        Respondent



APR 08 2009
LAW LIBRARY
DONALD L. GARBRECHT

Decision
Rule 80B Appeal
Motion for Contempt


        This matter was before the Court on January 30, 2009,
for a hearing to determine whether the Town of Castine
Assessors should be held in contempt for failure to comply
with the Court's Order issued in connection with this case
with regard to the underlying Rule 80B appeal and
information requested by the Court.

            Procedural and factual Background

        This matter was first presented as an 80B appeal from
a decision of the Assessors, appealed to the County
Commissioners, alleging discrimination in how Mr. Eaton's
property on Dresser Road [at that time Tax Neighborhood 34]
in downtown Castine was assessed and taxed by Castine.  Mr.
Eaton argued that his valuation was unfair because there
was no basis in the record for the use of a 1/4 acre base
lot size and that Castine has no guidelines and standards
for selecting a base lot size which has made this lot of
.11 acres grossly overvalued by Castine using the square
root formula.

        On April 16, 2008, this Court issued a decision on a
Rule 80B appeal in favor or appellant Eaton.  The Court
found that the assessment of Mr. Eaton's property by the
respondent was discriminatory and arbitrary for reasons
stated in that decision, which is incorporated herein.  In
part the Court stated:

                        1

"What is described as 'assessor's judgment' is nothing more than an arbitrary valuation of Dresser Lane without the benefit of sales values and without any articulated similarly situated characteristics of the property on Dresser Lane with either the property on Perkins Street or Court Street. In short, the record demonstrates an arbitrary valuation of the property on Dresser Lane. **At most there is geographical proximity between Dresser Lane and Perkins and Court Streets. That, by itself, does not meet the requirement of demonstrated "just value."** (emphasis added)

This Court remanded this matter to the assessors to "determine, if appropriate, a new base lot value from which Mr. Eaton's property can be reassessed…" To accomplish this, this Court Ordered that the Assessors alter its assessing plan "and dissolve "Tax Neighborhood 34," absorbing it into an existing Tax Neighborhood with similarly situated characteristics to get a rough equality in base lots and base lot value between those with property in former "Tax Neighborhood 34" and the new Tax Neighborhood into which former "Tax Neighborhood 34" will be absorbed."

By communication to the Court dated July 7, 2008, the respondent assessors advised as follows:
1. Prior to the remand Order, the Assessors had dissolved Tax Neighborhood 34 into Tax Neighborhood 8 which now includes properties on Court and Perkins Streets as well as Dresser Lane.
2. That Tax Neighborhood 8 has a base lot value of $450,000.
3. That Dresser Lane Properties had been revalued and appropriate revised tax bills had been sent out for 2007 and a refund sent to Mr. Eaton for his 2006 taxes.

Under date of July 29, 2008, appellants filed a Motion for Contempt challenging respondent's efforts as being in violation of this Court's Order. By memoranda, respondents argued that they had complied with the Court's Order on remand. The Court Ordered on October 21, 2008, that Castine identify the similarly situated characteristics that encouraged the merger of Tax Neighborhood 34 into 8. On November 19, 2008, Castine responded with an articulation of the similarly situated characteristics. This prompted an Order dated December 16, 2008, (incorporated by reference) directing that this matter be

2

set for hearing on the Motion for Contempt.  That Motion was set for hearing and a hearing was held on January 30, 2009

As noted in previous decisions in this case, the obligation of the Assessors is to determine "just value" or "market value".  That obligation falls uniquely on the tax assessors who are trained and certified to perform that task.  *Shawmut Inn v. Town of Kennebunkport* 428 A.2d 384, 389, 391 n. 5 (Me. 1981). In Shamut, supra at 391, the Court deferred to the need to give local assessors latitude in terms of guesswork and estimation.  Nonetheless, the Court noted that "where, as here, the local assessors have contracted with professional appraisers, the taxpayer may rightly expect the value placed on his taxable property to be computed by means of more sophisticated appraisal techniques." Id.

### January 30, 2009 Hearing

At the hearing in this matter to explore the issue of similarly situated characteristics of tax neighborhood 8 and the former tax neighborhood 34, Castine presented its contracting assessor, Robert Duplisea of RJD Appraisals. Mr. Duplisea identified himself as 'Assessor's Agent' for Castine.  He acknowledged having served as an assessor for Maine towns for 20 years.  He acknowledged that he and his professional staff were responsible for the response of the Castine Assessors of July 7, 2008, which announced the merger of Tax Neighborhood 34 into existing Tax Neighborhood 8.

Mr. Duplisea described the characteristics of the Eaton Dresser Street property as follows:
Size - .11 acres
Town water and sewer
Small period cape house on property
Has water view
In typical state of repair[1]

He advised that properties were grouped in Tax Neighborhoods not based on building size or condition, but rather on base lot value.  He described the smallest base lot as ¼ acre.

---

[1] By which he advised he meant that it was in a good state of repair typical for houses in Castine given their age.

In his opinion the characteristics of Dresser Lane (Tax Neighborhood 34) which made it compatible with Tax Neighborhood 8 (adjoining Dresser Lane) were

Property close to Court Street (major downtown residential road);
Property close to town center;
Property close to waterfront;
Property with water and sewer service;
Many homes had water view;
Property comprised of single residential homes
Property without commercial businesses

## Discussion

In this Court's initial Order on this 80B appeal, this Court remanded this matter to the assessors to "determine, if appropriate, a new base lot value from which Mr. Eaton's property can be reassessed…" To accomplish this, this Court Ordered that the Assessors alter its assessing plan "and dissolve "Tax Neighborhood 34," absorbing it into an existing Tax Neighborhood with similarly situated characteristics to get a rough equality in base lots and base lot value between those with property in former "Tax Neighborhood 34" and the new Tax Neighborhood into which former "Tax Neighborhood 34" will be absorbed."

It its initial response, Castine confirmed that as requested by the Court's Order, it had dissolved Tax Neighborhood 34 and absorbed it into another Tax Neighborhood with a new base lot value ($450,000). What it did not do was confirm that the new Tax Neighborhood had similarly situated characteristics to the old Dresser Lane Tax Neighborhood. However, at the January 30, 2009 hearing, Mr. Duplisea articulated those characteristics noted above. The issue is not whether the Court finds the opinions of the Assessors or Assessor's Agent adequate or persuasive. This Court is not authorized to substitute its judgment for that of the Assessors.

There is a presumption of good faith and conformity with legal requirements that follows the assessor's work. *Sweet, Inc. v. City of Auburn*, 134 Me. At 28, 33, 180 A.2d 803, 805. To overcome this presumption the taxpayer must show that the amount of the tax was irrational or unreasonable in the context of the totality of the circumstances that the property was substantially overvalued so that there was unjust discrimination. *Sears*

4

*Roebuck & Co. v. Inhabitants of City of Presque Isle* 150
Me. 181, 189, 107 A.2d 475, 479 (1954)

The initial finding of discrimination was based on the County Commissioners' granting the requested abatement. The matter having been remanded to the Assessors and the Assessors having recomputed the tax, the burden is on the taxpayer to demonstrate that the re-computation reflects discrimination or overburdening, separate and apart from that presented to the County Commissioners initially. The taxpayer has not met that burden.

In terms of overburdening or over valuation, this Court found in its initial decision remanding this matter to the Assessors, that the judgment of the assessors as to value was arbitrary. The Court found that judgment was lacking in terms of articulated similarly situated characteristics with property on the adjoining streets in demonstrating the equality of value that is required in arriving at "just value". In speaking of this, the Law Court has stated that in supporting a claim of overrating or overvaluation, what is required is proof of something more than an error in judgment. What is required is proof of what "amounts to an intentional violation of the essential principle of practical uniformity." *Shamut Manufacturing Co. v. Town of Benton*, 123 Me. 121, 130, 122 A.2d 49, 53 (1923); *Shawmut Inn v. Town of Kennebunkport*, supra at 394. In light of the information provided by the Assessors through the Assessor's Agent, there was no such showing here.

The Motion For Contempt is DENIED. The decision in favor of Mr. Eaton on this Rule 80B appeal is affirmed.

Dated:   March 11, 2009

Kevin M. Cuddy
Justice, Superior Court

RECEIVED & FILED

MAR 1 2 2009

HANCOCK COUNTY
COURTS

5